CORTÉS ET AL., DEMANDANTES Y APELANTES, *v.* CREHORE ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre reivindicación de fincas rústicas con sus rentas y utilidades.

No. 1462.—Resuelto en julio 26, 1916.

DEROGACIÓN IMPLÍCITA DE LEYES—CAMBIO DE SISTEMA.—Nunca debe favorecerse la derogación implícita de las leyes, pero cuando una ley posterior cambia el sistema existente al amparo de una anterior y lo sustituye por otro completo, el nuevo y no el antiguo es el que debe prevalecer.

BIENES DE MENORES—VENTA DE BIENES DE MENORES—DEROGACIÓN DE LEYES.—Los artículos 2011 y siguientes de la Ley de Enjuiciamiento Civil de 1886 en lo que se refieren a la venta de bienes de menores sujetos a tutela, fueron sustituídos e implícitamente derogados por los artículos 269 al 272 del Código Civil de 1889, y habiendo sido estos últimos asimismo derogados por el Código Civil Revisado de 1902, tal derogación no produjo el efecto de revivir las disposiciones contenidas en los artículos 2011 y siguientes de la ley de 1886, porque la derogación de una ley derogatoria no restablece la primitiva ley derogada.

ID.—ID.—AUTORIZACIÓN JUDICIAL—VALORACIÓN PERICIAL—SUBASTA PÚBLICA.—La legislación vigente en 1903 en esta isla sólo exigía para la venta de bienes de menores sujetos a tutela, el requisito previo de la autorización judicial, pero no que los bienes fueran necesariamente tasados por peritos y vendidos en pública subasta.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Eduardo Flores Colón y Eduardo P. Gibson.*

Abogados de los apelados: *Sres. José* y *Manuel Tous Soto.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La cuestión fundamental envuelta en este caso es la de si en el año de 1903 estaban o no en vigor los artículos 2010 y siguientes de la ley de Enjuiciamiento Civil decretada para empezar a regir en esta isla el 1.º de enero de 1886, en cuanto se refieren a la enajenación de bienes inmuebles de menores sujetos a tutela.

En la demanda se alega que los demandantes son dueños de determinados bienes inmuebles; que siendo menores de

edad, allá por el año de 1903, su tutor promovió en la corte de distrito competente un expediente de necesidad y utilidad para vender dichos bienes, y obtenida una resolución favorable los vendió, sin que fueran valorados por peritos, privadamente, al demandado Carlos Cabrera, y que inscrita la venta en el registro y apareciendo del mismo las circunstancias especificadas, esto es: la falta de valuación pericial y de pública subasta, Cabrera vendió los bienes a su actual poseedor el otro demandado Charles L. Crehore.

Los demandados excepcionaron la demanda por falta de ·hechos suficientes para determinar una causa de acción y la corte resolvió de conformidad, y estimando que no sería posible enmendar sustancialmente la demanda, dictó la sentencia definitiva contra la cual interpusieron los demandantes el presente recurso de apelación.

En resumen, la corte de distrito decidió: que en 1903, bajo el imperio del Código Civil Revisado, sólo era necesario para que un tutor pudiera vender bienes inmuebles de su pupilo, que solicitara y obtuviera la autorización del juez del domicilio, sin que fueran requisitos indispensables la valoración pericial de los bienes y la celebración de la venta en pública subasta, exigidas por la antigua Ley de Enjuiciamiento Civil.    Tal es la cuestión que debemos estudiar y resolver.

Con respecto a la necesidad de la autorización judicial, no hay duda alguna.    Ese particular no está envuelto en este caso.    Aquí se obtuvo por el tutor la autorización judicial exigida por la ley.    La cuestión está circunscrita a si además de la autorización judicial, era necesario en 1903 hacer valuar los bienes por peritos y venderlos en pública subasta.

"Porque las cosas de los huérfanos, que son rays," ordenó el Rey Sabio, "non se pueden ligeramente enagenar, fueras ende por debda, o por grand pro de los huérfanos, assi como mostramos en el Título que fabla dellos; e aun estonce deuese facer con otorgamiento del Juez del lugar andando la *cosa*

*públicamente en almoneda* treinta días; \* \* \*.'' Tít.
XVIII, Ley LX, Part. 3.    Véase 3, Códigos españoles, 218.

En 1886 comenzó a regir como hemos dicho la antigua ley
de enjuiciamiento civil de esta isla.    Tres de sus artículos, el
2014, el 2015 y el 2016 que forman parte del Título XI que
trata de la enajenación de bienes de menores e incapacitados
y transacción acerca de sus derechos, ordenan lo que sigue:

''Artículo 2014.—La autorización se concederá en todo caso bajo
la condición de haberse de ejecutar la venta en pública subasta, y
previo avalúo si se tratare de bienes comprendidos en alguno de los
números 1, 3 ó 4 del artículo 2010.

''Exceptúanse de esta regla las ventas hechas por el padre o
por la madre con patria potestad.    Estos podrán realizarla sin otro
requisito que el de haber obtenido previamente la autorización judi-
cial, con audiencia del Promotor Fiscal y de las personas designadas
en los artículos 219 y 213 de las leyes hipotecarias que rigen respec-
tivamente en las islas de Cuba y Puerto Rico.

''Artículo 2015.—El juez hará siempre el nombramiento de peritos
para el avalúo, los cuales no podrán ser recusados.    Tampoco podrá
serlo el tercero si hubiere habido necesidad de nombrarlo por haber
discordado los dos primeros.

''Artículo 2016.—Hecho el avalúo, mandará el juez que se anuncie
la subasta por el término de 30 días designando el día, hora y local
en que haya de celebrarse, y que se fijen edictos en los sitios de cos-
tumbre, insertándolos además, si lo estima conveniente, en algún perió-
dico oficial.''

Por Real Decreto de 31 de julio de 1889 se hizo extensivo
a las islas de Cuba, Puerto Rico y Filipinas el Código Civil
vigente en la Península, redactado de conformidad con lo dis-
puesto en la ley de 11 de mayo de 1888 y aprobado por Real
decreto de 24 de julio de 1889.    Con el código se introdujo en
esta isla la institución del consejo de familia, y la función que
antes desempeñaban las cortes en lo que respecta a autoriza-
ciones para enajenar bienes de menores sujetos a tutela, pasó
al Consejo.

''El tutor,'' prescribió el artículo 269, ''necesita autoriza-
ción del consejo de familia,'' entre otros casos que especifica,

"para enajenar o gravar bienes que constituyan el capital de los menores o incapaces, o hacer contratos o actos sujetos a inscripción."

No se limitó el código a prescribir la necesidad de la autorización. Dispuso, además, en sus artículos 270, 271 y 272, lo que sigue:

"Artículo 270.—El consejo de familia no podrá autorizar al tutor para enajenar o gravar los bienes del menor incapacitado sino por causas de necesidad o utilidad, que el tutor hará constar debidamente.

"La autorización recaerá sobre cosas determinadas.

"Art. 271.—El consejo de familia, antes de conceder autorización para gravar bienes inmuebles o constituir derechos reales a favor de terceros, podrá oir previamente el dictamen de peritos sobre las condiciones del gravamen y la posibilidad de mejorarlas.

"Art. 272.—Cuando se trata de bienes inmuebles, de derechos inscribibles, o de alhajas o muebles cuyo valor exceda de 4,000 pesetas, la enajenación se hará en pública subasta con intervención del tutor o protutor.

"Los valores bursátiles, así los públicos como los mercantiles o industriales, serán vendidos por agente de bolsa o corredor de comercio."

Después de tales disposiciones que abarcan la totalidad de la materia ¿puede concluirse que quedaran en vigor los artículos 2010 y siguientes de la Ley de Enjuiciamiento Civil, en lo que se refieren a la venta de bienes de menores sujetos a tutela?

Veamos lo que opina sobre el particular el más autorizado de los comentaristas de la Ley de Enjuiciamiento Civil, Manresa. En una nota puesta al pie del artículo 2011 de la ley de la Península, igual al 2010 de la de Puerto Rico, dice:

"Refiérese este artículo, como lo confirma el que le subsigue, a todos los menores de edad, ya estén sujetos a la patria potestad, ya a tutela, y a los incapacitados sujetos también a tutela, previniendo respecto de todos ellos, que será necesaria licencia judicial, para enajenar o gravar los bienes que en el mismo artículo se determinan. Esto era lo procedente, conforme a la legislación que regía cuando

se publicó la Ley de Enjuiciamiento Civil; pero el Código Civil ha derogado aquella legislación, y si bien ha aceptado, como era natural, el principio de dar a los padres mayores facultades que a los tutores, con la nueva organización dada a la tutela ha confiado al consejo de familia la vigilancia y la facultad de conceder dicha licencia, que antes correspondía a la autoridad judicial, a la vez que obliga a los padres a obtener de ésta la autorización para enajenar o gravar los bienes de sus hijos no emancipados, y exige la misma autorización en otros casos. Veamos estos casos para poder apreciar las disposiciones de este título que les serán aplicables.''

Estudia entonces lo relativo a los bienes de menores sujetos a la patria potestad, a los del marido ausente, a los del pródigo sujetos a tutela, a los de la dote inestimada y parafernales, y termina así:

''Veamos, por último, los casos en que el Código Civil ha privado a la autoridad judicial de la facultad que antes tenía para otorgar la licencia de que se trata. Por el artículo 269, núm. 5°., se ordena que 'el tutor necesita autorización del consejo de familia para enajenar o gravar bienes que constituyen el capital de los menores o incapacitados, o hacer contratos o actos sujetos a inscripción.' Y en los artículos 270 y 271 se previene, que el consejo de familia no podrá conceder dicha autorización sino por causas de necesidad o utilidad, que el tutor hará constar debidamente; que ha de recaer sobre cosas determinadas; y que antes de conceder la autorización para gravar bienes inmuebles o constituir derechos reales a favor de terceros, podrá oir previamente el dictamen de peritos sobre las condiciones del gravamen y la posibilidad de mejorarlas. Queda, pues, conferida al consejo de familia la facultad que antes tenían los jueces de primera instancia, de autorizar o conceder licencia a los tutores o curadores para enajenar o gravar los bienes de los menores o incapacitados, de quienes eran guardadores, sin que pueda intervenir en estos asuntos la autoridad judicial, a no ser para conocer del recurso que permite el artículo 310 del mismo código contra la decisión del Consejo. (Véase lo que se ha dicho sobre. este recurso en la página 324 de este tomo, y la resolución de la Dirección general de los Registros de 20 de septiembre de 1890.) Por consiguiente, han quedado sin aplicación y derogados virtualmente el artículo que estamos examinando y los demás del presente título, en cuanto se refieren a la enajenación o gravamen de bienes de menores o incapacitados,

que estén sujetos a tutela.'' 6 Manresa, Ley de Enjuiciamiento Civil, 434 y 436.

La opinión de Manresa nos parece enteramente justa. Sus razonamientos son lógicos y convincentes. No debe favorecerse nunca la derogación implícita de las leyes, pero cuando una ley posterior cambia el sistema existente al amparo de una anterior y lo sustituye por otro completo, el nuevo y no el antiguo es el que debe prevalecer.

Así las cosas, ocurrió el cambio de soberanía en Puerto Rico y la autoridad legislativa creada por el acta orgánica de 1900 decretada por el Congreso de los Estados Unidos de América, puso en vigor el Código Civil de 1902. Se suprimió el consejo de familia. Volvieron las cortes de justicia a adquirir la jurisdicción que antes tuvieron, pero las saludables prescripciones de los artículos 270, 271 y 272 del código de 1889, quedaron eliminadas totalmente.

¿Produjo esa eliminación el efecto de revivir las disposiciones contenidas en los artículos 2011 y siguientes de la ley de Enjuiciamiento Civil de 1886?

Es un principio consignado en el mismo Código Civil de 1902 (art. 6) que ''la derogación de una ley derogatoria no restablece la primitiva ley derogada.'' En tal virtud, habiendo llegado a la conclusión de que los artículos 269, 270, 271 y 272 del Código Civil de 1889 sustituyeron e implícitamente derogaron los artículos 2011 y siguientes de la ley de Enjuiciamiento Civil de 1886 en lo que se referían a la venta de bienes de menores sujetos a tutela, es necesario concluir también que la derogación de los repetidos artículos 270, 271 y 272 del código de 1889 por el código de 1902, no restableció la ley derogada o sea los citados artículos de la Ley de Enjuiciamiento Civil de 1886.

En 1905 la Legislatura de Puerto Rico decretó la Ley de Procedimientos Legales Especiales, dedicando el capítulo único del título quinto a las ''autorizaciones sobre derechos y bienes de menores,'' (Ley 1905, p. 240). Exigió que la

solicitud en que se pidiera la autorización judicial expresara bajo juramento la necesidad y utilidad que reportará al menor el acto de que se trate y la causa que lo motiva y que se acompañara, en caso de pedir la enajenación, certificación del precio con que figuren los bienes en el catastro de contribuciones, debiendo fijar la corte el precio mínimo de la venta.

En 1911 (Leyes de 1911, p. 126 y siguientes), se modificaron los indicados preceptos de la ley de procedimentos legales especiales y los del Código Civil sobre la materia, y se exigió entre otros requisitos el de que la venta se verificara en pública subasta, volviendo así a ponerse en vigor en Puerto Rico las mismas medidas que acordó el sabio legislador de las partidas para la protección de los bienes de menores.

La venta a que se refiere este pleito se verificó en 1903, esto es, después de 1902 y antes de 1905. Sólo regía entonces el Código Civil Revisado cuya única disposición sobre el particular estaba contenida en el artículo 282, número 5, a saber: ''El tutor necesita autorización de la corte del distrito competente: * * *. 5. Para enajenar o gravar bienes que constituyan el capital de los menores o incapaces, o hacer contratos o actos sujetos a inscripción * * *.'' No exigía la ley ni la previa valoración pericial, ni la subasta pública. Bastaba sólo la autorización judicial y como, según la misma demanda, ''la Corte de Distrito de Ponce concedió autoridad al tutor de los demandantes Don Juan Príncipe Vázquez para vender privadamente dichos bienes y sin ser valuados por peritos,'' es necesario concluir que la venta realizada fué un acto válido y que, por tanto, no cabe ordenar que se restituyan a los demandantes los bienes vendidos de tal modo.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.